UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

WILLIAM STEPHEN DEAN (a/k/a BILLY
DEAN), RORI LEIGH GORDON, GREEN 2009
INC., ONE55DAY INC. and LOOK
ENTERTAINMENT, LTD.,

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
14-CV-4951 (MKB)

                Plaintiff,

v.

THE TOWN OF HEMPSTEAD, KATE
MURRAY, JOHN E. ROTTKAMP, DAVID P.
WEISS, GERALD C. MARINO, KATURIA E.
D'AMATO, JOHN F. RAGANO, FRANK A.
MISTERO, JOSEPH F. PELLEGRINI and
KIMBERLY A. PERRY,

                Defendants.

---

MARGO K. BRODIE, United States District Judge:

    On August 20, 2014, Plaintiffs Billy Dean and Rori Leigh Gordon, along with their affiliated entities, brought this action against Defendants Town of Hempstead (the "Town"), the Town's Building Inspector, the Town's Supervisor, and individual members of the Town's Board of Appeals pursuant to 42 U.S.C. § 1983, alleging numerous constitutional violations stemming from Defendants' refusal to grant Plaintiffs the necessary authorizations to open and operate two cabarets. (Compl., Docket Entry No. 1.) On September 24, 2015, Defendants moved to dismiss the case for lack of subject matter jurisdiction. (Def. Mot. to Dismiss, Docket Entry No. 43.) Judge John Gleeson granted Defendants' motion in part and denied it in part, dismissing Plaintiffs' as-applied claims without prejudice and reserving decision on the

remaining claims asserting facial constitutional challenges.[1] *Dean v. Town of Hempstead*, --- F. Supp. 3d. ---, ---, 2016 WL 660884, at *1 (E.D.N.Y. Feb. 18, 2016). On March 17, 2016, Plaintiffs filed a motion for reconsideration, styled as a "Motion for Reconsideration or to Set Aside Pursuant to Fed. R. Civ. P. 60(b)," claiming that recently disclosed evidence necessitated reconsideration of Judge Gleeson's decision to dismiss the as-applied claims. (Pls. Mot. for Reconsideration ("the Reconsideration Motion"), Docket Entry No. 71.) The Court held a conference on July 20, 2016, at which it denied the Reconsideration Motion and reserved decision on whether to hold Plaintiffs' dismissed claims in abeyance until they are ripe. (Minute Order dated July 20, 2016.) For the reasons set forth below, the Court declines to hold Plaintiffs' dismissed claims in abeyance.

**I. Background**

At the July 20, 2016 conference, Plaintiffs requested that the Court hold in abeyance the as-applied claims that the Court dismissed in the February 18, 2016 decision.[2] (*See* Minute Order dated July 20, 2016; *see also* Transcript dated July 20, 2016 ("T.") at 10, 11.) Plaintiffs argued at the conference that Defendants have demonstrated a pattern of delay in addressing Plaintiffs' applications and that, by the time Plaintiffs' as-applied claims under section 1983 are ripe for review by the Court, Defendants likely will argue that those claims are time-barred by the statute of limitations applicable to section 1983 claims. (T. at 11.) The Court agreed to review the two cases Plaintiffs cited in support of their argument — *Wheaton College v. Sebelius*, 703 F.3d 551 (D.C. Cir. 2012), and *Giulini v. Blessing*, 654 F.2d 189 (2d Cir. 1981) —

---

[1] The case was reassigned to this Court on March 11, 2016.

[2] The Court assumes familiarity with the record as detailed in Judge Gleeson's February 18, 2016 decision, *Dean*, 2016 WL 660884, at *1, and describes only the facts necessary to address Plaintiffs' request to hold the dismissed claims in abeyance.

in deciding whether to hold the dismissed claims in abeyance. (*Id.* at 13.)

**II. Discussion**

This case involves the interaction of two analytically distinct concepts: first, that a claim must be timely filed, and second, that a claim must be ripe for adjudication.

A cause of action accrues under section 1983 "when the plaintiff has 'a complete and present cause of action,'" *Wallace v. Keto*, 549 U.S. 384, 388 (2007) (quoting *Bay Area Laundry & Dry Cleaning Pension Tr. Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997)), that is, when "the plaintiff can file suit and obtain relief," *id.* (internal quotation marks omitted) (quoting same). In addition, "[t]o be justiciable, a cause of action must be ripe — it must present a real, substantial controversy, not a mere hypothetical question." *Kurtz v. Verizon N.Y., Inc.*, 758 F.3d 506, 511 (2d Cir. 2014). A claim is not ripe "if it depends upon contingent future events that may or may not occur as anticipated, or indeed may not occur at all." *Id.*

Where constitutional claims involve land use issues, the Supreme Court's decision in *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City*, 473 U.S. 172 (1985), causes the issues of ripeness and claim accrual to functionally converge.[3] *See Asociación de Suscripción Conjunta del Seguro de Responsabilidad Obligatorio v. Juarbe-Jiménez*, 659 F.3d 42, 50–51 (1st Cir. 2011) (exploring the relationship between ripeness and accrual in the context of a takings claim). The Court in *Williamson* held that a land use decision is not ripe until it is "final," and clarified that the concept of finality "is concerned with whether the initial decisionmaker has arrived at a definitive position on the issue that inflicts an actual,

---

[3] In *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City*, 473 U.S. 172 (1985), the U.S. Supreme Court established a test to govern the ripeness of as-applied takings challenges, irrespective of whether those challenges were brought pursuant to a statute, such as § 1983, that applies a limitations period to the claims. *Williamson Cty.*, 473 U.S. at 193.

3

concrete injury." *Williamson Cty.*, 473 U.S. at 193; *see also Dean*, 2016 WL 660884, at *13 (noting that the Second Circuit has extended the application of the *Williamson* "final decision" requirement to land use disputes involving substantive due process claims, equal protection and procedural due process claims, and First Amendment claims).

Although the Court finds no perfectly congruous Second Circuit authority, other circuit courts of appeals considering accrual and ripeness in the takings context have "consistently held that a cause of action does not accrue until a party has a right to enforce the claim." *Norco Constr., Inc. v. King Cty.*, 801 F.2d 1143, 1146 (9th Cir. 1986) (holding that the plaintiff "was entitled, indeed required, to await the final decision of the county without commencement of the statute of limitations"); *Hensley v. City of Columbus*, 557 F.3d 693, 696–97 (6th Cir. 2009) (holding that the statute of limitations accrues when the takings claim becomes ripe); *New Port Largo, Inc. v. Monroe Cty.*, 985 F.2d 1488, 1496–97 (11th Cir. 1993) ("When *Williamson*'s two-prong test is met, the injury is complete, and the claim accrues for purposes of the statute of limitations."); *Biddison v. City of Chicago*, 921 F.2d 724, 728 (7th Cir. 1991) (noting that "[s]ince *Williamson County* was decided . . . several regulatory taking cases hold that a taking accrues at the same time that it ripens"); *Corn v. City of Lauderdale Lakes*, 904 F.2d 585, 588 (11th Cir. 1990) (holding that the plaintiff's action accrued when the state appellate court issued a decision invalidating the zoning ordinance in question); *McMillan v. Goleta Water Distr.*, 792 F.2d 1453, 1457 (9th Cir. 1986) (holding that district court erred in calculating the limitations period from date water service was interrupted rather than date water district rendered final decision not to restore service); *cf. Asociación de Suscripción Conjunta*, 659 F.3d at 51 ("[G]iven the way the Court has formulated the *Williamson County* ripeness requirements, and the takings law on facial attacks, a facial takings challenge generally both ripens and accrues for

4

statute of limitations purposes at the same moment in time.").

As Judge Gleeson's decision explains, ripeness is a threshold question absent which the Court lacks jurisdiction to act on the claims before it, *Dean*, 2016 WL 660884, at *13, including by holding them in abeyance. Contrary to Plaintiffs' claim, *Wheaton College* and *Giulini* do not suggest otherwise.

In *Wheaton College*, religious colleges challenged the Affordable Care Act's contraception requirement after the Department of Health and Human Services issued an interim final rule but before it issued a final rule. 703 F.3d at 552. The question on appeal was whether the exemption from the contraception requirement that was afforded to religious organizations would apply equally to the religious colleges. *Id.* The government promised the D.C. Circuit that religious colleges would be exempt from its contraception requirement under a year-long exemption period and assured the court that it would soon be promulgating a new rule that would apply to religious colleges after that exemption period expired. *Id.* The D.C. Circuit held the government at its word, noting that it had made a "binding commitment" to issue a new rule in the first quarter of 2013, mere months later. *Id.* The court concluded that the consolidated cases before it were "not fit for review at this time" and based its decision "expressly upon the understanding that the government w[ould] not deviate from its considered representations to th[e] court." *Id.* Thus, in *Wheaton College*, the appellants' case would have been ripe but for the government's anticipated new rule, and in clear "reliance on the [government's] binding representations," the court held the cases in abeyance on appeal pending the issuance of that new rule. *Id.* at 553.

*Giulini* involved a similarly circumscribed set of facts. *See Giulini*, 654 F.2d at 192–93. The plaintiffs in *Giulini* were homeowners who had challenged a zoning ordinance on

5

constitutional grounds. *Id.* at 190. The plaintiffs had requested declaratory, injunctive and pecuniary relief, and were concurrently embroiled in state court criminal proceedings for violating the same ordinances under review in federal court. *Id.* at 191. The Second Circuit held that, in view of the pending criminal action in which the plaintiffs had asserted constitutional defenses, the district court judge should have retained jurisdiction over the plaintiffs' damages claims, although the judge could reasonably deny the plaintiffs' request for declaratory and injunctive relief. *Id.* at 193. The Court noted that "a federal court is not precluded, in the exercise of its discretion, from staying proceedings in the action before it, pending a decision by the state court, with a view to avoiding wasteful duplication of judicial resources and having the benefit of the state court's views." *Id*. It further held that a stay as to the damages claims was appropriate where "the identical constitutional issues have been decided against [the plaintiffs] by the Pelham Justice Court and a ruling on the constitutional issues by the Appellate Term of the Supreme Court, to which [the plaintiffs] have appealed, is expected in their state case." *Id.* at 194.

Neither *Wheaton College* nor *Giulini* supports Plaintiffs' contention that this Court can hold in abeyance unripe claims that were previously dismissed. *Wheaton College* was decided on narrow factual grounds, *see Wheaton College*, 703 F.3d at 553, and *Giulini* stands for the principle that a federal court cannot dismiss a federal action over which it has mandatory subject matter jurisdiction, except in certain circumstances, *see Giulini*, 654 F.2d at 193.

Here, Judge Gleeson found that Plaintiffs' as-applied equal protection, takings, due process, and First Amendment claims were predicated on the same facts relating to the Town's land-use decisions, which were not yet final. *Dean*, 2016 WL 660884, at *17. In finding that Plaintiffs' as-applied claims were not ripe for adjudication and would not be ripe until the Town

issued a final decision as to Plaintiffs' properties, Judge Gleeson effectively held that the Court had no jurisdiction over Plaintiffs' claims until they have ripened. Thus, the considerations that rendered Plaintiffs' claims premature — namely, that the scope of Plaintiffs' constitutional injuries have yet to be defined — similarly prevent accrual of their claims for limitations purposes.

Because Plaintiffs' as-applied claims are not yet ripe for judicial review, the Court is without authority to hold them in abeyance.

### III. Conclusion

For the foregoing reasons, the Court denies Plaintiffs' motion to hold in abeyance the as-applied claims dismissed on February 18, 2016.

SO ORDERED:

_____s/ MKB_____
MARGO K. BRODIE
United States District Judge

Dated: August 17, 2016
       Brooklyn, New York