```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- x
    WILLIAM STEPHEN DEAN, et al.,                :
                                                 :
                Plaintiffs,                      :
                                                 :         MEMORANDUM
        -against-                                :         AND ORDER
                                                 :         14-cv-4951 (MKB) (SMG)
    THE TOWN OF HEMPSTEAD, et al.                :
                                                 :
                Defendants.                      :
                                                 :
---------------------------------------------------------------------- x
```

GOLD, STEVEN M., U.S.M.J.:

Plaintiffs filed a letter motion on July 18, 2018 seeking, among other things, to reopen discovery and compel production of certain documents. Docket Entry 190. The circumstances underlying the motion are somewhat strange. As related to the Court without dispute, an unmarked envelope containing documents was left on plaintiff Dean's doorstep in or about December 2017. Tr. of Proceedings held Aug. 23, 2018 ("Tr.") at 21:4–6, Docket Entry 193. The envelope contained documents that defendants (other than defendant Steven Rhoads, who is not involved in the pending motion) contend reveal privileged attorney-client communications or consist of attorney work product.

In their motion, plaintiffs argued that the content of the documents indicates that they were created in furtherance of a crime or fraud, and that the documents therefore should not be protected from disclosure. Plaintiffs argued further that they should be permitted to reopen discovery in light of the documents.[1] After hearing arguments from counsel and reviewing the documents *in camera*, I concluded that the crime-fraud exception did not apply and denied plaintiffs' application to reopen discovery. *See* Min. Entry for Conference held Sep. 5, 2018. I

---

[1] Plaintiffs' letter motion also seeks leave to file an amended complaint based upon information contained in the documents. During a telephone conference held on September 5, 2018, however, plaintiffs clarified that they were not currently seeking leave to amend.

also sought briefing on one additional question: what use, if any, plaintiffs may make of defendants' attorney-client and work-product materials that came into plaintiffs' possession through no wrong-doing of their own. This Memorandum and Order resolves this last aspect of plaintiffs' motion.[2]

Defendants argue that plaintiffs should be precluded from making use of any privileged or work-product documents that came into their possession under these unusual circumstances. This Court agrees. Plaintiffs have suggested no reason to believe that defendants did anything that might arguably constitute a waiver of their attorney-client privilege or work-product protection. The mere fact that documents were mysteriously delivered to plaintiff Dean's doorstep provides no basis for concluding that defendants waived their privilege or that the documents are for any other reason no longer privileged or protected work product, and plaintiffs have identified no authority that would support a contrary conclusion. Nor have plaintiffs pointed to any authority supporting their right to make use of documents that are privileged or protected work product absent some sort of waiver. Accordingly, plaintiffs may not make use of the attorney-client communications and work-product material included in the envelope that mysteriously appeared on the doorstep of plaintiff Dean last December. Plaintiffs shall forthwith return all such documents to counsel for defendants.

Neither side has presented authority that directly addresses whether plaintiffs may make use in this litigation of information that they learned as a result of reviewing the documents in issue. The Court sees no reason why, if the documents themselves are not available to plaintiffs

---

[2] Plaintiffs argue that some of the documents may not be privileged because they were shared with both counsel for the Board of Zoning Appeals and counsel for the Town Board. Defendants argue that these are, for all practical purposes, either the same entity or that, at a minimum, the two entities share a common interest. Case law supports defendants' position. *See Matter of Commco, Inc. v. Amelkin*, 62 N.Y.2d 260, 265–66 (1984) (noting that zoning board "was created' by a town board "pursuant to a statutory mandate" and is "not a separate corporation"); *id.* at 268 (noting that generally, zoning board may not retain its own counsel without approval of the town board).

2

for use in this litigation, there should be any different result with respect to the information the documents contain or that plaintiffs may have learned simply as a result of knowing what the documents contain. Plaintiffs' counsel argues that she cannot "un-know" what she has learned. However, discovery is at least essentially complete,[3] and a dispositive motion is now pending before the Court. *See* Mot. to Dismiss, Docket Entry 157. In this procedural posture, it should not be challenging to avoid making use of the information learned from any privileged or protected documents included in the package.

In both their opening and reply memoranda of law, defendants assert that plaintiffs' counsel engaged in misconduct warranting sanctions and perhaps disqualification. Although defendants have not formally moved for disqualification or sanctions, the Court takes this opportunity to state that it does not agree. First, although defendants contend that plaintiffs' counsel had access to these documents and did not reveal that fact for many months, their contention assumes that plaintiffs' counsel received the documents shortly after plaintiff Dean did. Plaintiffs' counsel represents, though, that Dean did not alert her to the existence of the documents until several months after he discovered them. Second, with respect to defendants' argument that plaintiffs' counsel should have immediately recognized the privileged nature of the documents and returned them, the Court concludes that the privileged character of the documents was not immediately apparent. The critical document is an email dated November

---

[3] Plaintiffs argue that discovery is not complete based upon an Order entered by this Court on May 2, 2016, suspending discovery without date pending further application to or Order of the Court. Docket Entry 81. The Order was entered in the context of a motion then pending before United States District Judge Brodie which has long since been decided. *See* Min. Order dated July 20, 2016. Moreover, with the exception of plaintiffs' recent motion—which has already been denied—no party has moved to reopen discovery since that date. Finally, plaintiffs themselves seek leave to "reopen discovery" in their letter motion, Docket Entry 190 at 1, thereby indicating that they, like the Court, understood that discovery was closed. Accordingly, if any additional discovery is to be taken at all, it should be limited to discovery about any relevant events that have taken place since 2016. The most recent of the documents in dispute appears to be dated some time in 2014. Thus, even if there were to be additional discovery, it seems highly unlikely that knowledge of the documents at issue would come into play.

22, 2011 that appears as page 18 in the copy of the mysterious package provided to the Court. It is plain from the email that it is authored by Charles Kovit. The Court understands Kovit to be Chief Deputy Attorney for the Town of Hempstead. Tr. at 2:16–17. It is also plain that the email is addressed to outside counsel representing the Town in this case. The email, however, is also copied to four other individuals identified only by their names. Although as discussed above counsel for defendants has satisfactorily explained why distribution to these four additional persons did not waive the attorney-client privilege, that result is not immediately apparent just from looking at the email. Accordingly, to the extent defendants seek the imposition of sanctions or disqualification of plaintiffs' counsel, the application is denied.

／s／
Steven M. Gold
United States Magistrate Judge

Brooklyn, New York
November 9, 2018

U:\Dean v Town of Hempstead.docx